[Cite as *Mason v. Douglas*, 2012-Ohio-5501.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RONALD MASON, ET AL. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellees | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ANGELA DOUGLAS, ET AL. | : | Case No. 12CA000011 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Cambridge
Municipal Court, Case No. 07-CVG-
00201


JUDGMENT:     Judgment Vacated and Remanded


DATE OF JUDGMENT:     November 26, 2012


APPEARANCES:

For Plaintiffs-Appellees

E. MARIE SEIBER
P.O. Box 108
Dennison, OH  44621

For Defendants-Appellees

PATRICK W. SKILLITER
422 Main Street
Suite 400
P.O. Box 427
Zanesville, OH  43702-0427

*Farmer, J*

{¶1}    Appellees, Ronald and JoAnn Mason, rented an apartment to appellee, Angela Douglas.  On March 20, 2007, appellees filed a forcible entry and detainer action for past rent due and owing.  Appellees also named Brandon Mickle in the action who is not a party to this appeal.  On April 19, and May 14, 2007, appellant filed an answer and counterclaim alleging lead based poisoning of her minor child.

{¶2}    A bench trial commenced on December 7, 2007.  By docket and journal entry filed March 8, 2012, the trial court found in favor of appellees as against appellant in the amount of $4,260.00 on their complaint in favor of appellees on appellant's counterclaim.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR THE PLAINTIFFS-APPELLEES, BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE AT TRIAL SHOWED THAT THE LANDLORDS HAD KNOWLEDGE AND NOTICE OF THE LEAD-BASED HAZARDS IN THE RENTED HOME WHICH VIOLATED THE OHIO LANDLORD-TENANT ACT AND THE PARTIES' LEASE AND WHICH CAUSED THE LANDLORDS' ACTS AND OMISSIONS TO AMOUNT TO NEGLIGENCE PER SE."

II

{¶5}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO JOIN NECESSARY PARTIES, MOTION

FOR CONTINUANCE, AND MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM *INSTANTER*."

II

{¶6}    We will address this assignment of error first as we find it to be dispositive of the appeal.

{¶7}    Appellant claims the trial court erred in denying her motions to join necessary parties (her minor child), for continuance, and for leave to file an amended answer.

{¶8}    Civ.R. 19.1 governs compulsory joinder.  Subsection (A)(3) states the following:

(A) A person who is subject to service of process shall be joined as a party in the action, except as provided in subdivision (B) of this rule, if the person has an interest in or a claim arising out of the following situations:

(3) Personal injury or property damage to a minor and a claim of the parent or guardian of the minor for loss of consortium or expenses or property damage if caused by the same wrongful act.

{¶9}    We note the action arose as a forcible entry and detainer action on March 20, 2007.  On April 19, 2007, appellant filed a pro se answer on a form provided by the trial court.  By magistrate's decision filed April 30, 2007, a writ of restitution was granted by stipulation with a specific notation that appellant was given until May 11, 2007 to file

an amended counterclaim. On May 14, 2007, appellant filed an answer and counterclaim and was represented by Attorney Patrick W. Skilliter. Appellant alleged breach of contract, a violation of the Landlord-Tenant Act, negligence per se, and negligence, all based upon elevated levels of lead found in the blood of appellant's minor child on December 15, 2006, February 15, 2007, and mid-April 2007.

{¶10} On April 26, 2007, appellant had requested an inspection of the rental premises by the Department of Health relative to the levels of lead:

> The conditions in this apartment are relevant to the Defendant's Counterclaim and should be brought before the Court by agencies with the expertise and ability to investigate appropriately. This inspection and corresponding order to repair are warranted in this case to sort out the pending financial matters as well as to protect future tenants and children from potentially hazardous conditions.

{¶11} The trial court conducted a pretrial on June 7, 2007 and noted discovery was not complete and set a discovery cut-off date for September 7, 2007 and a trial date for December 7, 2007. On September 5, 2007, appellant filed a motion for continuance and enlargement of time for three months citing the following reasons:

> Defendant requests more time to hire professional evaluators, complete discovery through deposition of those experts, and additional time to prepare her case presentation. According to the latest discussions

with Plaintiffs' Attorney, neither party has had time to retain experts or evaluate the premises and the child as needed. This information is crucial to the discovery process and essential to the case itself.

Further, the initial inspection of the premises for lead paint by the Ohio Department of Health was not conducted until August 2, 2007. The results of that inspection are pending and it is likely that both parties will require time to interview and/or depose the inspector, laboratory technicians, and other doctors or sanitarians involved in this matter who are not known at this time. Defense Counsel notified the Court at the Pretrial on June 7, 2007, that he encountered significant difficulty when requesting such an inspection and that the time frame discussed at Pre-Trial was the best estimate. Unfortunately, it has become apparent that more time is now required.

{¶12} On September 17, 2007, appellant requested a leave to amend her answer and counterclaim and to add her minor child, D'Andre Fowler, as a co-defendant and counterclaimant. By journal entry filed October 11, 2007, the trial court denied appellant's September 5 and 17, 2007 motions.

{¶13} A review of the docket and transcripts disclose a trial was held on December 7, 2007, but no journal entry or findings were filed until March 8, 2012. There is no explanation in the record for the four year delay. Judicial expediency was clearly not an issue.

{¶14} We find appellant's requests for a continuance and enlargement of time and to amend her answer and counterclaim were timely given that the inspection occurred only thirty-six days prior to the discovery cut-off date of September 7, 2007 and the parties were still awaiting the results. Under Civ.R. 19.1(A)(3), we find the trial court erred in denying appellant's requests to add her minor child as a party-defendant.

{¶15} Assignment of Error II is granted. Assignment of Error I is rendered moot.

{¶16} The judgment of the Cambridge Municipal Court of Guernsey County, Ohio is vacated.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ John W. Wise_____

JUDGES

SGF/sg

[Cite as *Mason v. Douglas*, 2012-Ohio-5501.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RONALD MASON, ET AL. | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANGELA DOUGLAS, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 12CA000011 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court of Guernsey County, Ohio is vacated. The matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellees.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ John W. Wise_____

JUDGES